Parker, C. J.
The question arising out of the pleadings in this case is, whether the bond in suit is a security for any damages and costs, other than such as may be legally awarded and adjudged by the court to which the writ of error is returnable. If it is not, then the plea in bar "is good, and the replication contains no sufficient answer to it.
And we are of opinion that there is no breach of the condition of the bond so taken, unless there be a judgment for damages and costs, or for costs alone, at the court in which the writ in error was pending. For although, by the section which directs the bond to be taken, such adjudication does not seem to be required, yet, in the next section, it is enacted that when, upon a writ of errof, which is a supersedeas, the judgment complained of shall be affirmed, the court shall adjudge or decree to the respondent in error just damages for his delay, and single or double costs, at their discretion.
Taking the two sections together, we have no doubt that the security, required to be taken by the twenty-second section, was meant to have reference to such damages and costs as should ba adjudged pursuant to the twenty-third section. And this opinion is confirmed by a recurrence to * a subsequent statute, passed December 12, 1794, (2) which is declared to be explanatory of the former act. This latter statute provides, “ that the security to be required and taken, on the signing of a citation on any writ of error, which shall not be a supersedeas, and stay execution, shall be only to such an amount as, in the opinion of the justice or judge taking the same, shall be sufficient to answer all such costs as, upon the affirmance of the judgment or decree, may be adjudged or decreed to the respondent in error.”
The writ of error in this case not having been intended to operate as a supersedeas, the bond was undoubtedly given with a view to cover the damages and costs which it was expected might be awarded. But none were awarded ; and we think it very clear that, by the statutes, the bond cannot be made to stand as security for the expenses of the defendant in error, not ascertained by a judgment of the Court, and where there has been no affirmance of the judgment complained of.
*69 If it be hard that citizens should be summoned to the seat of the Supreme Court upon unfounded process, without any security for the great expense they may be put to, the only answer to be given is, that the laws of the United States have provided no remedy for such a mischief. The defendants, in such case, are at liberly to judge for themselves, and are not obliged to obey a summons when the court to which they are called has no jurisdiction. If they shall be vexed and harassed by wanton prosecutions of unfounded suits, the common law will supply an adequate remedy for all the injuries they may sustain, (a)

Replication adjudged bad.

 U. S. Laws, 3 Cong. 1 Sess. c. 68.

 Vide Inglee vs. Coolidge, 2 Wheat 463.