FRANCIS E. HEATH and another,

*vs.*

DAVID L. HUNTER and another.

Kennebec.   Opinion May 25, 1881.

*Bond.   Judgment on writ of error.*

An action upon a bond, given upon suing out of a writ of error, will be considered prematurely commenced if there has been no adjudication of the court as to whether the costs upon the writ of error, shall be double or single, and whether the former judgment shall or not be affirmed, and, if affirmed, what the damages for the delay shall be.

ON REPORT from superior court, Kennebec.   The law court to render such judgment as the law and the facts require.

The opinion states the case.

*E. F. Webb*, for the plaintiffs.

The legal effect of the entry of "exceptions overruled" which had been taken by the defendants in error, was to render judgment against the defendants in error and affirm the former judgment.   *Pierce* v. *Goodrich*, 47 Maine, 173 ; *Cooly* v. *Patterson*, 52 Maine, 472 ; *Hoeffner* v. *Stratton*, 57 Maine, 360.

Hunter did not prosecute his suit "with effect."   On the contrary his suit was dismissed and his exceptions to that ruling were overruled.

The judgment on writ of error must be either to affirm, recall or reverse the former judgment.   If it was not recalled or reversed it was of course affirmed.

The motion to dismiss the writ of error raised all the legal points and went to the merits of the whole case.   *Payne* v. *Niles*, 20 How. 219 ; *Bank* v. *Smith*, 11 Wheat. 171 ; *Suydam* v. *Williamson*, 20 How. 433 ; Howe's Practice, 465 ; *Rochester* v. *Roberts*, 25 N. H. 495 ; *Peebles* v. *Rand*, 43 N. H. 341 ; R. S., c. 102, § 8.

*Orville D. Baker*, for the defendants, cited :   *Gardiner* v. *Nutting*, 5 Maine, 140 ; *Moore* v. *Philbrick*, 32 Maine, 102 ;

*Johnson* v. *Shed*, 21 Pick. 225; *Lyon* v. *Williamson*, 27 Maine, 149; *Warren* v. *Coombs*, 44 Maine, 88; *Baker* v. *Johnson*, 41 Maine, 18; Freeman on Judgments, § 7; *Underhill* v. *Devereaux*, 2 Saund. 72; *Warlich* v. *Massey*, Cro. Jac. 67; *Covenheven* v. *Leamen*, 2 Caines Cas. 322; *Owen* v. *Daniels*, 21 Maine, 182; 5 Bac. Abr. *140; 6 Com. Dig. 226; *Coolidge* v. *Inglee*, 15 Mass. 66; Steph. Pl. 83, 85, 134; 1 Chitty Pl. 475, 481; *Cunningham* v. *Houston*, 1 Strange, 127; *Dent* v. *Lingard*, *Id.* 683; *Ginger* v. *Cowper*, 2 L'd Ray. 1403; *Bond* v. *McNider*, 3 Ired. 440; *Bailey* v. *Baxter*, 1 Mass. 156; *Jarvis* v. *Blanchard*, 6 Mass. 5.

WALTON, J. This case is before the law court on facts reported by the presiding judge at *nisi prius*. The court is to render such judgment as the law and the facts authorize.

We think judgment must be rendered for the defendants. The action is upon a bond given upon suing out a writ of error. The condition is as follows: "Now if the said Hunter shall prosecute his said suit with effect, and satisfy the judgment rendered therein, then this obligation to be void, otherwise to remain in full force." It appears from the docket entries and the certificate of the clerk that, although the defendants in error prevailed in the suit, and were entitled to a judgment for costs (double or single, as the court should determine), and, perhaps, to an affirmance of the judgment sought to be reversed, with not less than six nor more than twelve per cent a year, on the amount of their former judgment, as damages for their delay (R. S., c. 102, § 4), still, they have never taxed their cost, have never had the question whether they should recover double or single costs settled, have never obtained from the court an order affirming their former judgment, and have never had any determination or hearing as to the amount of the damages they shall recover for delay. Under these circumstances we think the action must be regarded as prematurely commenced. The case shows that the principal in the bond prosecuted his suit vigorously, persistently, and "with effect." True, the "effect" was not such as he desired; but it was such as the law regards as a performance of that condition in his bond; and we think that neither he nor his surety

can be regarded as in fault for not satisfying a judgment that has not been rendered, and the amount of which has not yet been ascertained, and cannot be ascertained till an adjudication of the court is had as to whether the costs shall be double or single, and whether the former judgment shall or shall not be affirmed, and, if affirmed, what the damages for the delay shall be. *Hobart* v. *Hilliard*, 11 Pick. 143; *Coolidge* v. *Inglee*, 15 Mass. 66; *Owen* v. *Daniels*, 21 Maine, 180.

*Judgment for defendants.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.